Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL XI

| | | |
|---|---|---|
| PHALANX CAPITAL SERIES 9 REAL ESTATE LLC<br><br>Recurridos<br><br>V.<br><br>SUCESIÓN DE EDGARDO JOSÉ PRIETO RODRÍGUEZ Y LA DE MARÍA ISABEL AGOSTINI VÉLEZ, ET ALS<br><br>Peticionarios | KLCE202300586 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: GR2019CV00371<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2023.

El 23 de mayo de 2023, compareció la Sucesión de Edgardo José Prieto Rodríguez y de María Isabel Agostini Vélez; compuesta por Edgardo José Prieto Agostini; Carlos Rafael Prieto Agostini y Athely Mercedes Prieto Agostini, *et al.* (en adelante, parte peticionaria o Sucesión Prieto Agostini) ante este Tribunal de Apelaciones, mediante recurso de *certiorari*. Por medio de este, nos solicita que revisemos la *Orden* emitida el 27 de abril de 2023 y notificada al día siguiente, 28 de abril de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción Urgentísima en Solicitud de Reconsideración a Solicitud de Paralización de Subasta y Replica a Moción Anejando Documentos Complementarios a la Subasta Radicada en el Día de Hoy* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari.*

Número Identificador

RES2023 _____

**I**

Los hechos que suscitaron la controversia de epígrafe son los que adelante se esbozan.

El caso de epígrafe tuvo su génesis en una *Demanda* de cobro de dinero y ejecución de hipoteca por la vía ordinaria instada el 21 de agosto de 2019, por MTGLQ Investors, L.P., en contra de la parte peticionaria por incumplimiento con el pago del préstamo hipotecario. El 18 de septiembre de 2019, la parte peticionaria presentó la correspondiente *Contestación a Demanda*.

Acaecido un extenso tracto procesal impertinente a la controversia ante nos e innecesario pormenorizar, el 14 de septiembre de 2022, notificada el 15 de septiembre de 2022, el Tribunal de Primera Instancia dictó *Sentencia Sumaria* en la que declaró Con Lugar la *Demanda* a favor de un nuevo acreedor, GITSIT SOLUTIONS, LLC, y condenó a la parte peticionaria a pagar la suma principal adeudada más los intereses correspondientes y las costas y honorarios de abogado según pactado.

Advenida final y firme la *Sentencia Sumaria*, el 25 de octubre de 2022, GITSIT SOLUTIONS, LLC, presentó una *Moción en Ejecución de Sentencia* donde solicitó la orden de ejecución del foro primario para la venta en pública subasta de la propiedad objeto de la *Demanda*. El 12 de diciembre de 2022, notificada el 14 de diciembre de 2022, el Tribunal de Primera Instancia emitió una *Orden* donde declaró Ha Lugar a la *Moción en Ejecución de Sentencia* y emitió una *Orden de Ejecución de Sentencia* en la cual autorizó la venta en pública subasta según solicitado.

El 26 de enero de 2023, GITSIT SOLUTIONS, LLC, presentó una *Solicitud Conjunta de Sustitución de Parte Demandante, Renuncia de Representación Legal y Asumiendo Representación Legal* debido a que Phalanx Capital-Series, LLC-Series 9 era el nuevo poseedor de buena fe del pagaré objeto de la *Demanda* y se solicitó

la sustitución de GITSIT SOLUTIONS, LLC, a favor de Phalanx Capital-Series, LLC-Series 9, se informaron las respectivas representaciones legales de cada una y anejaron copia del pagaré hipotecario. El 29 de enero de 2023, notificada el 7 de febrero de 2023, el foro primario emitió *Orden* declarando Ha Lugar a la referida moción.

El 13 de febrero de 2023, la parte peticionaria presentó una *Moción Informativa y en Solicitud de Vista Evidenciar[i]a para que la Parte Demandante Muestre su Legitimación Activa Mediante la Inspección del Pagaré Original* donde la parte peticionaria impugnó la legitimación activa de Phalanx Capital-Series, LLC-Series 9 como nuevo portador y solicitó vista evidenciaria para la inspección del pagaré original para acreditar la legitimación activa del nuevo acreedor. En la misma fecha, notificada el 14 de febrero de 2023, el foro primario le concedió un término de diez (10) días a parte adversa para presentar su posición. El 14 de febrero de 2023, Phalanx Capital-Series, LLC-Series 9 presentó una *Moción en Cumplimiento de Orden,* en la cual indicó que la inspección interesada podía realizarse extrajudicialmente sin necesidad de vista evidenciaria y que, para ello, invitó a la parte peticionaria a acudir a las oficinas de su representación legal a esos fines. El 27 de febrero de 2023, notificada el 3 de marzo de 2023, el Tribunal de Primera Instancia emitió una *Orden,* donde se dio por Enterado el foro primario.

El 22 de marzo de 2023, Phalanx Capital-Series, LLC-Series 9 presentó una *Solicitud de Sustitución de Parte Demandante* en la que informó que Phalanx Capital Series 9 Real Estate, LLC (en adelante Phalanx Capital), era el nuevo poseedor del pagaré hipotecario y solicitó la sustitución de partes a favor de Phalanx Capital, anejando copia del pagaré hipotecario. El 23 de marzo de 2023, notificada el 29 de marzo de 2023, el Tribunal de Primera Instancia emitió una *Orden* y declaró Ha Lugar a la solicitud de sustitución de partes.

El 27 de marzo de2023, la parte peticionaria presentó una *Moción Informativa y en Solicitud de Paralización de los Procedimientos de Subasta Pautadas para los Días 11, 18 y 25 de abril de 2023*. En dicho escrito, la parte peticionaria solicitó la paralización de los procedimientos de venta en pública subasta hasta que Phalanx Capital demostrara su legitimación activa mediante inspección del pagaré hipotecario y proveyera una Certificación Registral actualizada de la propiedad objeto de la *Demanda*. El mismo día, Phalanx Capital presentó una *Oposición a "Moción Informativa y en Solicitud de Paralización [...]"* en la cual solicitó que el foro recurrido denegara de plano el petitorio de la moción anterior debido a que la parte peticionaria nunca acudió extrajudicialmente para inspeccionar el pagaré hipotecario a pesar de haberse provisto la oportunidad y bajo el argumento de que su caso no tiene derecho a vida eterna en el tribunal.

El 29 de marzo de 2023, la parte peticionaria presentó *Réplica a Moción en Oposición a Moción Informativa y en Solicitud de Paralización* donde argumentó que el continuo cambio de acreedores creó incertidumbre de con quién realmente estos pueden negociar para llegar a entendidos y retener la propiedad y que nada impedía que se celebrara una vista evidenciaria donde se evaluaran las argumentaciones de las partes y se presentara el pagaré original. Así las cosas, en la misma fecha, la parte peticionaria reiteró su solicitud de paralización de los procedimientos e inspección del pagaré original mediante *Moción Reiterándonos en la Paralización de Venta en Pública Subasta Pautada para los Días 11, 18 y 25 de abril de 2023*. No obstante, el 5 de abril de 2023, notificada el mismo día, el Tribunal de Primera Instancia emitió una *Orden* disponiendo lo siguiente:

> NO HA LUGAR. LA PARTE DEMANDADA NO HA PROBADO SER TENEDORA DEL PAGARÉ. DE TENER INTER[É]S EN LA PROPIEDAD COMO EXPRESADO,

PODRÁ COMPARECER COMO LICITADOR A LA SUBASTA.

El 10 de abril de 2023, Phalanx Capital presentó una *Moción Anejando Documentos Complementarios de Subasta* donde acreditó la publicación del Aviso de Venta en Pública Subasta conforme a ley y la notificación de la pública subasta a la parte demandada, Departamento de Justicia, Centro de Recaudaciones de Ingresos Municipales y al Departamento de Hacienda. Por el otro lado, en la misma fecha, la parte peticionaria presentó una *Moción Urgentísima en Solicitud de Reconsideración a Solicitud de Paralización de Subasta y Réplica a Moción Anejando Documentos Complementarios a la Subasta Radicada en el Día de Hoy*. Además de solicitar la reconsideración de la determinación de No Ha Lugar, la parte peticionaria argumentó que el Aviso de Venta en Pública no fue notificada a todos los miembros de la sucesión y que se debe iniciar el proceso de pública subasta nuevamente, conforme a que se acredite la legitimación activa de Phalanx Capital.

El 11 de abril de 2023, Phalanx Capital presentó una *Solicitud de Orden de Confirmación de Venta*. Phalanx Capital acreditó que la propiedad objeto de la *Demanda* fue vendida en pública subasta el 11 de abril de 2023, adjudicada la misma a Mi Corredor Investment LLC (en adelante, Mi Corredor) y New Horizons Properties LLC (en adelane, New Horizons). Por tanto, Phalanx Capital solicitó que se dictara una *Orden de Confirmación de Venta*. En adición a lo anterior, Phalanx Capital presentó una *Solicitud de Retiro de Fondos* con el propósito de retirar el balance adeudado por la parte peticionaria mediante cheque expedido a favor de Phalanx Capital.

El 12 de abril de 2023, notificada el 14 de abril de 2023, el foro primario emitió *Orden de Confirmación de Adjudicación o Venta Judicial* por la cual confirmó el procedimiento de ejecución de hipoteca, el remate, venta y la adjudicación del bien hipotecado y

así acreditó haberse cumplido con todas las formalidades requeridas en el trámite judicial. Emitida y notificada en las mismas fechas, el Tribunal de Primera Instancia emitió una *Orden* donde declaró Ha Lugar a la *Solicitud de Retiro de Fondos* por la cantidad adeudada y ordenó a la Unidad de Cuentas a emitir el cheque correspondiente.

El 21 de abril de 2023, Mi Corredor y New Horizons presentó una *Moción Solicitando Orden de Posesión* en la cual le solicitó al foro recurrido que ordenara al Alguacil a poner a Mi Corredor y New Horizons en posesión por ser titular de la propiedad objeto de la *Demanda*. El 27 de abril de 2023, notificada el 28 de abril de 2023, el foro *a quo* emitió una *Orden* para declarar Ha Lugar a la *Moción Solicitando Orden de Posesión*, posteriormente expidiendo los mandamientos correspondientes, y una *Orden* declarando No Ha Lugar a la *Moción Urgentísima en Solicitud de Reconsideración a Solicitud de Paralización de Subasta y Réplica a Moción Anejando Documentos Complementarios a la Subasta Radicada en el Día de Hoy*, cuya revisión nos ocupa.

Así las cosas, el 19 de mayo de 2023, la parte peticionaria presentó una *Moción Urgentísima en Solicitud de Paralización de Lanzamiento Pautado para el 24 de mayo del 2023* en la cual adujo que el ocupante, Sr. Rivera García, y su familia residen en la propiedad y que estos debieron haber sido incluidos como parte indispensables y, por lo tanto, solicitó la paralización del lanzamiento. Por el otro lado, el 23 de mayo de 2023, la parte peticionaria acudió a este foro revisor mediante recurso de *certiorari* en auxilio de jurisdicción, donde le imputó a la primera instancia judicial haber cometido los siguientes errores:

> Primer señalamiento de error planteado: Erró el Honorable Tribunal de Primera Instancia, cometió error manifiesto en derecho y abusó de su discreción al denegar la paralización de los procedimientos postsentencia por falta de legitimidad de la parte recurrida.

Segundo señalamiento de error planteado: Erró el Honorable Tribunal de Primer Instancia, cometió error manifiesto en derecho y abusó de su discreción al denegar la paralización de los procedimientos postsentencia por patente inexactitud en la notificación del edicto de subasta y posterior venta judicial.

Tercer señalamiento de error planteado: Erró el Tribunal de Primera Instancia, cometió error manifiesto en derecho y abusó de su discreción, al denegar la nulidad de los procedimientos postsentencia por incumplimiento con aplicable normativa estatutaria que acarrea la nulidad de los procedimientos judiciales.

El 23 de mayo de 2023, notificada el 24 de mayo de 2023, el foro *a quo* emitió una *Orden* donde ordenó la paralización del lanzamiento por radicación apelativa.

El 15 de junio de 2023, Phalanx Capital Series 9 Real Estate LLC presentó *Memorando en Oposición a Expedición del Auto*. A la vez, en esta misma fecha, New Horizon Propeties, LLC y Mi Corredor Investment LLC presentaron su *Oposición a Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

## A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo*

*v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El *certiorari*, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no

está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.

**III**

En esencia, la parte peticionaria sostiene que el foro *a quo* incidió al denegar la paralización de los procedimientos de venta en pública subasta por razón de que la parte peticionaria no ser tenedora del pagaré y al denegar celebrar vista evidenciaria para que la parte peticionaria inspeccionara el pagaré hipotecario y argumentar en aras de retener su propiedad y acreditar la legitimación activa del nuevo acreedor.

La parte peticionaria alegó que Phalanx Capital carece de legitimación activa debido a que el foro *a quo* no celebró vista para la argumentación de las partes y la inspección del pagaré original, a pesar de que se acompañó copia del pagaré en la solicitud de sustitución de partes. Aun así, Phalanx Capital-Series, LLC-Series 9 le extendió la oportunidad a la parte peticionaria de inspeccionar el pagaré original sin necesidad de interrumpir los procedimientos, el cual la parte peticionaria nunca hizo. En vez, la parte peticionaria continuamente insistió en que la inspección fuera mediante vista

evidenciaria, sin derecho a ello, pues, la legitimación activa se evidenció mediante copia del pagaré y declaración jurada sobre ella y, por ende, no estaba en disputa. En cuanto a la notificación, Phalanx Capital evidenció la notificación a la parte peticionaria en la *Moción Anejando Documentos Complementarios de Subasta*. El error de nombre de la parte demandante en el epígrafe no es indicativo de falta de notificación, particularmente cuando la identificación del caso permaneció correcta.

La parte peticionaria admite que el verdadero propósito de sus escritos recae en la retención de la propiedad y en poder negociar por ella. Empero, es un hecho indubitado que, la parte peticionaria incumplió con la obligación principal objeto de este recurso; hecho establecido mediante *Sentencia Sumaria* advenida final y firme. Destacamos que, la propiedad objeto del presente recurso ha sido adjudicada mediante venta en pública subasta conforme a derecho, por lo que solo resta que se efectúe el lanzamiento y se otorgue la escritura de venta judicial. No existe justificación alguna para que se continúen dilatando los procedimientos del caso.

Consecuentemente, tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión colegimos que no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es arbitraria o manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por el otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari.* Consecuentemente se deja sin efecto la paralización de los procedimientos y se ordena la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
